

FILED & ENTERED

OCT 10 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

In re:

Gary Edward Smith,

                                        Debtor.

Case No.:    2:25-bk-17041-NB

Chapter:    13

**ORDER DISMISSING CASE WITH CONCURRENT _180-DAY_ AND _PERMANENT_ BARS AGAINST BEING A DEBTOR IN ANY FUTURE BANKRUPTCY CASE**

OSC Hearing:
Date:  October 9, 2025
Time:  8:30 a.m.
Place: Courtroom 1545
          255 E. Temple Street
          Los Angeles, CA 90012
(and via Zoomgov per posted procedures)

At the time and place set forth above, this Court held a hearing on its "Order Directing Gary Edward Smith to Appear and Show Cause Why (1) This Case Should Not Be Dismissed and (2) Why This Court Should Not Impose Concurrent _180-Day_ and _Permanent_ Bars Against Being a Debtor in any Future Bankruptcy Case (dkt. 12, the "OSC").  Debtor failed to appear at the hearing on the OSC.

For the reasons stated in the OSC (dkt. 12) and the reasons stated on the record (incorporated herein as permitted by Rule 52(a) (Fed. R. Civ. P.), made applicable by Rules 7052 and 9014(c) (Fed. R. Bankr. P.)), it is hereby ORDERED:

1) This case is DISMISSED.

2) Debtor is permanently barred from being a debtor in bankruptcy pursuant to 11 U.S.C. §§ 105(a), 349(a), and 1307(c) and, alternatively, pursuant to this court's inherent powers to manage its own docket.  *See In re Glover*, 537 Fed. Appx. 741 (9th Cir. 2013) (affirming dismissal with a five-year bar to refiling under 11 U.S.C. § 105(a)); *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999) (affirming dismissal with prejudice based on finding of bad faith, considering whether debtor misrepresented facts, unfairly manipulated Code, or otherwise filed his petition or plan in inequitable manner; debtor's history of filings and dismissals; whether the debtor intended to defeat state court litigation; and whether egregious behavior is present).

3) Additionally and alternatively, Debtor is barred from being a debtor in bankruptcy for a period of 180-days from the entry of this order pursuant to 11 U.S.C. § 109(g)(1) ("willful failure to appear in proper prosecution" of this case).  (This 180-day bar is a "belt and suspenders" bar, in addition to the permanent bar, and it is imposed in case for some reason the permanent bar were to be vacated in future.)

4) Any discharge entered in this case is vacated.

5) Notwithstanding the dismissal of this case, this Court retains jurisdiction to the extent provided by LBR 1017-2(f).

6) The dismissal of this case terminates the automatic stay as a matter of law under 11 U.S.C. § 362(c)(1) & (2)(B).

7) Nothing in this dismissal order should be construed as mooting any motions that seek *in rem* or retroactive relief from the automatic stay, or any adversary proceeding seeking declaratory relief that any purported transfers of interests

in property are presumed to be false such that the automatic stay will not apply to any purported transfers regardless of the date thereof, as this Court has provided in rare instances in other bankruptcy cases (*see* the "Procedures of Judge Bason," available at www.cacb.uscourts.gov) (search for "relief from the automatic stay in *other* bankruptcy cases") (emphasis in original).  Without further notice, and with or without any written order, this Court may determine that any other pending or future motion or adversary proceeding is or is not mooted by the dismissal of this case.  *See In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992); *In re Casamont Investors, Ltd.,* 196 B.R. 517, 522-26 (9th Cir. BAP 1996).

###

Date: October 10, 2025

Neil W. Bason
United States Bankruptcy Judge